# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IRWIN J. LIPTON, Derivatively on Behalf of WORLD ACCEPTANCE CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>A. ALEXANDER MCLEAN, III, JOHN L. CALMES, JR., KELLY M. MALSON, MARK C. ROLAND, JAMES R. GILREATH, CHARLES D. WAY, KEN R. BRAMLETT, JR., SCOTT J. VASSALLUZZO, and DARRELL E. WHITAKER,<br><br>    Defendants,<br><br> -and-<br><br>WORLD ACCEPTANCE CORPORATION, a South Carolina corporation,<br><br>    Nominal Defendant. | Civil Action No. 6:15-cv-02796-MGL |
| PAUL PARSHALL, Derivatively on Behalf of WORLD ACCEPTANCE CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>A. ALEXANDER MCLEAN, III, JOHN L. CALMES, JR., KELLY M. MALSON, MARK C. ROLAND, JAMES R. GILREATH, CHARLES D. WAY, KEN R. BRAMLETT, JR., SCOTT J. VASSALLUZZO, and DARRELL E. WHITAKER,<br><br>    Defendants,<br><br> -and-<br><br>WORLD ACCEPTANCE CORPORATION, a South Carolina corporation,<br><br>    Nominal Defendant | Civil Action No. 6:15-cv-03779-MGL |

**ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING CO-LEAD COUNSEL AND LIAISON COUNSEL, AND REVISING CASE SCHEDULE**

Upon consideration of the *Unopposed Motion to Consolidate Related Actions, Appoint Co-Lead Counsel and Liaison Counsel, and to Revise Case Schedule* (the "Unopposed Motion"), it is HEREBY ORDERED as follows:

1. The cases of *Lipton v. Mclean et al.*, 6:15-cv-02796-MGL, and *Parshall v. Mclean et al.*, 6:15-cv-03779-MGL (the "Related Derivative Actions"), are hereby deemed related and consolidated for all purposes, including pre-trial proceedings and trial, into one consolidated action (the "Consolidated Derivative Action").

2. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| IN RE WORLD ACCEPTANCE CORPORATION DERIVATIVE LITIGATION | Lead Case No. 6:15-cv-02796-MGL  (Derivative Action) |
| This Document Relates To:  ALL ACTIONS. | |

3. The files of the Consolidated Derivative Action shall be maintained in one file under Lead Case No. 6:15-cv-02796-MGL.

4. The following counsel are hereby appointed as Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action:

**JOHNSON & WEAVER, LLP**
Frank J. Johnson
frankj@johnsonandweaver.com
600 West Broadway, Suite 1540
San Diego, California 92101
Telephone: 619-230-0063
Facsimile: 619-255-1856

1

      **JOHNSON & WEAVER, LLP**
      Michael I. Fistel, Jr. (*admitted pro hac vice*)
      michaelf@johnsonandweaver.com
      40 Powder Springs Street
      Marietta, GA 30064
      Telephone: 770-200-3104
      Facsimile: 770-200-3101

      **THE WEISER LAW FIRM, P.C.**
      Robert B. Weiser
      Brett D. Stecker
      James M. Ficaro
      rw@weiserlawfirm.com
      bds@weiserlawfirm.com
      jmf@weiserlawfirm.com
      22 Cassatt Avenue
      First Floor
      Berwyn, PA 19312
      Telephone: 610-225-2677
      Facsimile: 610-408-8062

  5. The following counsel is hereby appointed as Liaison Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action:

      **HOPKINS LAW FIRM, LLC**
      William E. Hopkins
      Federal I.D. No. 6075
      bill@hopkinsfirm.com
      P.O. Box 1885
      Pawleys Island, SC 29585
      Telephone: 843-314-4202
      Facsimile: 843-314-9365

  6. Plaintiffs' Co-Lead Counsel shall have sole authority to speak for Plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

  7. Plaintiffs' Co-Lead Counsel will be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for the dissemination of notices and orders of this Court.

No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any Plaintiffs except through Plaintiffs' Co-Lead Counsel.

8.     Defendants' counsel shall be entitled to rely upon all agreements made with Plaintiffs' Co-Lead Counsel, or any other duly authorized representative of Plaintiffs' Co-Lead Counsel, and such agreements will be binding on Plaintiffs.

9.     This Order shall apply to each case arising out of the same or substantially the same transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, or transferred to this Court. Nothing herein shall be construed as a waiver of any party's right to object to the consolidation of any subsequently-filed or transferred related action.

10.     When a case which properly belongs as part of *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL, is hereafter filed in this Court or transferred here from another court, counsel for the parties in this action shall call to the attention of the Clerk of the Court the filing or transfer of any case that might properly be consolidated as part of *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL, and counsel for the parties in this action shall assist in assuring that counsel in subsequent actions receive notice of this Order.

11.     Defendants have acknowledged service of the summons and complaints in the Related Derivative Actions. Aside from defenses and objections related to the absence of a summons or of service, Defendants expressly reserved all defenses and objections to the complaints filed in the Related Derivative Actions and any complaints filed in the Consolidated Derivative Action. Defendants need not answer, move or otherwise respond to either of the complaints currently filed in the Related Derivative Actions or any subsequently-filed or

3

transferred complaint which is consolidated as part of *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL.

12. On or before October 23, 2015, Plaintiffs shall either file with the Court a consolidated complaint or designate an operative complaint in the Consolidated Derivative Action. Defendants shall respond to the consolidated or operative complaint on or before December 11, 2015. Should any Defendant file a motion to dismiss the consolidated or operative complaint, Plaintiffs shall have until January 25, 2016 to respond. If Plaintiffs file a response, Defendants shall have until February 15, 2016 to file a reply. This schedule shall supersede the schedule entered in Case No. 6:15-cv-02796-MGL on August 24, 2015 (Dkt. No. 24).

**IT IS SO ORDERED.**

October 14, 2015

s/Mary Geiger Lewis
THE HONORABLE MARY G. LEWIS
UNITED STATES DISTRICT JUDGE