# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| IN RE WORLD ACCEPTANCE CORPORATION DERIVATIVE LITIGATION | Lead Case No. 6:15-cv-02796-MGL<br><br>(Derivative Action) |
| This Document Relates To:<br><br>ALL ACTIONS | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, a consolidated derivative action is pending before this Court captioned *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL (the "Derivative Action");

WHEREAS, Plaintiffs have made an application, pursuant to Federal Rule of Civil Procedure 23.1(c), for an order: (i) preliminarily approving the proposed settlement of the Derivative Action (the "Settlement") in accordance with the Stipulation and Agreement of Settlement, dated August 4, 2017 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the Settlement and dismissal of the Derivative Action with prejudice; and (ii) approving the form and manner of the dissemination of the Notice to Current World Acceptance Shareholders, attached as Exhibit B-1 to the Stipulation; and (iii) scheduling a date for the Settlement Hearing, pursuant to Federal Rule of Civil Procedure 23.1, for the Court to consider and determine whether to approve the terms of the Settlement as fair, reasonable, and adequate, including the payment of the Fee and Expense Amount, separately negotiated by the Settling Parties, and approval of Plaintiffs' Service Award to be paid therefrom;

WHEREAS, this Court has considered the Stipulation and the exhibits annexed thereto, Plaintiffs' Motion for Preliminary Approval of the Settlement, all the papers filed, and arguments of the Settling Parties made in connection therewith; and

WHEREAS, unless otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED** as follows:

1. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Hearing.

2. A Settlement Hearing shall be held before this Court on November 7, 2017, at 2:00 p.m., at the United States District Court for the District of South Carolina, Greenville Division, 300 East Washington Street, Greenville, South Carolina 29601, to (i) determine whether the Settlement of the Derivative Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interests of World Acceptance and its shareholders; (ii) determine whether the Court should enter the Final Order and Judgment, attached as Exhibit C to the Stipulation, which would dismiss with prejudice the Derivative Action and release the Released Claims; (iii) determine whether to approve the Fee and Expense Amount and Service Award; and (iv) consider any other matters that may be properly brought before the Court in connection with the Settlement.

3. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current World Acceptance Shareholders, and retains jurisdiction to consider all further applications arising out of, or in connection with, the Settlement.

4. Within ten (10) calendar days after the date of this Order, World Acceptance shall cause the Notice, in substantially the form annexed as Exhibit B-1 to the Stipulation, to be (i) published through the *Investor's Business Daily*, and (ii) filed by World Acceptance with the Securities and Exchange Commission, along with the Stipulation, as an Exhibit to a Form 8-K. The Form 8-K, with the attached Notice and Stipulation, shall be made available on World Acceptance's website.

5. The form and method of notice provided in the preceding paragraph is the best notice practicable, constitutes due and sufficient notice of the Settlement Hearing to all Persons entitled to receive such a notice, and meets the requirements of Federal Rule of Civil Procedure 23.1, the United States Constitution, and other applicable law.

6. At least twenty-eight (28) calendar days prior to the Settlement Hearing, World Acceptance's counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or declaration, of distribution of the Notice.

7. Papers in support of final approval of the Settlement, the Fee and Expense Amount, and Service Award shall be filed with the Court and served at least twenty-eight (28) calendar days prior to the Settlement Hearing. The Settling Parties shall file with the Court and serve responses to any objections filed pursuant to ¶ 8 below at least seven (7) calendar days prior to the Settlement Hearing.

8. Any Current World Acceptance Shareholder may object to the Settlement of the Derivative Action, the proposed Final Order and Judgment, the proposed Fee and Expense Amount, and/or Service Award, and may also (but need not) appear in person or by his, her, or its attorney at the Settlement Hearing. To object, such shareholders must submit a written statement explaining the Person's or entity's objection(s) and the reasons for such objection(s) and shall also:

(a) submit a written statement identifying such Person's or entity's name, address, and telephone number, and, if represented by counsel, the name, address, and telephone number of counsel; (b) state the case name and number, *In re World Acceptance Corporation Derivative Litigation*, Lead Case No. 6:15-cv-02796-MGL (D.S.C.); (c) provide proof of current ownership of World Acceptance common stock, as well as documentary evidence of when such stock ownership was acquired; (d) submit any documentation in support of such objection(s), including clearly identifying any and all evidence that would be presented at the Settlement Hearing in connection with such objection(s); (e) identify any case—by name, court, and docket number—in which the objector or his, her, or its attorney, if any, has objected to a settlement in the last three (3) years; and (f) include a proof of service signed under penalty of perjury.  If the shareholder wishes to appear at the Settlement Hearing, he, she, or it must also include a statement of intention to appear at the Settlement Hearing.  Such materials must be filed with the Clerk of the United States District Court for the District of South Carolina—Greenville Division and sent by first class mail to the following addresses, postmarked at least twenty-one (21) calendar days before the Settlement Hearing:

> THE WEISER LAW FIRM, P.C.
> Robert B. Weiser
> 22 Cassatt Avenue
> Berwyn, PA 19312
>
> -and-
>
> JOHNSON & WEAVER, LLP
> Frank J. Johnson
> 600 West Broadway, Suite 1540
> San Diego, CA 92101
>
> *Counsel for Plaintiffs*
>
> KING & SPALDING LLP
> B. Warren Pope

1180 Peachtree Street, N.E.
Atlanta, GA 30309

-and-

NEXSEN PRUET, LLC
William W. Wilkins
55 E. Camperdown Way, Suite 400
Greenville, SC 29601

*Counsel for Defendants*

Any Person or entity who fails to object in the manner described above shall be: (i) deemed to have waived any objection to the Settlement, Final Order and Judgment, Fee and Expense Amount, and Service Award; (ii) barred from raising such objection in this Derivative Action, or any other action or proceeding; and (iii) bound by the Final Order and Judgment and the releases of claims therein.

9.      Pending final determination of whether the Settlement should be approved, all proceedings and discovery in the Derivative Action and all further activity between the Settling Parties regarding or directed toward the Derivative Action, save for those activities and proceedings relating to the Stipulation and the Settlement, shall be stayed.

10.     Pending the Effective Date of the Stipulation or the termination of the Stipulation according to its terms, Plaintiffs and/or any World Acceptance shareholder, derivatively on behalf of World Acceptance, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any Released Person.

11.     The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to Current World Acceptance Shareholders.

12. Neither the Settlement (whether or not consummated), the Stipulation (including any exhibits attached thereto), nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, may be deemed to be, or may be offered, attempted to be offered, or used in any way as a concession, admission, or evidence of the validity or lack of validity of any Released Claims, or of any fault, wrongdoing, or liability of the Settling Parties or Released Persons; or (b) is, may be deemed to be, or may be used as a presumption, admission, or evidence of, any liability, fault, or omission of any of the Settling Parties or Released Persons in any civil, criminal, administrative, or other proceeding in any court, administrative agency, tribunal, or other forum. Neither the Stipulation nor the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Released Persons may file or use the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13. In the event that the Settlement is not approved by the Court, the Effective Date does not occur, or the Settlement is terminated as provided in the Stipulation, the Settling Parties shall be restored to their respective positions in the Derivative Action that existed immediately prior to the date of execution of the Stipulation. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶ IV.1.1-IV.1.24, IV.6.2-IV. 6.3, and IV.7.4-IV.7.5, shall have no further force and effect with respect to the Settling Parties, and shall not be used in the Derivative Action or in any other proceeding for any purpose, and any judgment or orders entered

by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE